**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**In Re:**

      **LIEN APPEAL**

**ANGELA LEONE,**
                                 **Case No. 08-11221**

      **Appellant,**
                             **Honorable Denise Page Hood**

**v.**

**WEITZ & LUXENBERG, P.C.,**

      **Appellee.**
_____/

<u>**MEMORANDUM OPINION AND ORDER**
**REGARDING ANGELA LEONE LIEN APPEAL**</u>

**I.     BACKGROUND**

This matter is before the Court on an appeal filed by Claimant Angela Leone from the Lien Judge's decision awarding Claimant's former counsel, Weitz & Luxenberg, P.C. ("Weitz & Luxenberg"), attorney fees and expenses in the amount of $32,785.88. Documents and briefs have been filed by Claimant and Weitz & Luxenberg. The parties waived oral arguments.

On July 13, 2007, Weitz & Luxenberg submitted notices of lien with the Settlement Facility-Dow Corning Trust ("SF-DCT"), asserting liens in the amount of $32,785.88 against any settlement funds to be received by Claimant from the Sf-DCT. Claimant objected to the lien before the SF-DCT. The Lien Judge, Frank Andrews, issued his decision on February 28, 2008 finding that the Weitz & Luxenberg lien was valid and should be honored by the SF-DCT. (Leone Appeal Ex.) On March 17, 2008, Claimant filed a letter to the Court appealing the Lien Judge's decision. (Leone Appeal Ex.) On May 5, 2008, Weitz & Luxenberg submitted a

response to the Claimant's appeal arguing that the Lien Judge's decision should be upheld. Claimant submitted various letters in support of her position.

## II.    ANALYSIS

### A.    Jurisdiction/Standard of Review

The Court has subject matter jurisdiction over the post-confirmation lien appeal pursuant to 28 U.S.C. § 1334(b) because the Lien Judge's decision could conceivably have an effect on the estate being administered in bankruptcy.  *See In re Wolverine Radio Co.,* 930 F.2d 1132, 1141 (6th Cir. 1991); *Browning v. Levy,* 283 F.3d 761, 773 (6th Cir. 2002).  The Court retains jurisdiction to interpret and enforce confirmed plans of reorganization.  *See In re Thickstun Bros. Equip. Co., Inc.,* 344 B.R. 515, 522 (6th Cir. B.A.P. 2006); *In re Beta Int'l, Inc.,* 210 B.R. 279, 284 (E.D. Mich. 1996).  The Amended Joint Plan of Reorganization ("Plan") provides that the Court has the authority to resolve controversies and disputes regarding the interpretation of the Plan and Plan Documents, which includes the Settlement Facility and Fund Distribution Agreement ("SFA")  *See* Amended Joint Plan, § 8.7.3; SFA, §§ 4.01 and 10.09.  The Court reviews *de novo* the Lien Judge's findings of fact and conclusions of law.  28 U.S.C. § 157(c)(1).

The June 30, 2005 Amended Stipulation and Order Establishing Procedures for the Review of Asserted Liens Against Settling Implant Claimants ("Lien Review Procedures") provide that a "party may appeal the decision of the Lien Judge by filing a Notice of Appeal with the District Court within 14 days of the date of the notice from the SF-DCT providing the decision of the Lien Judge."  (Lien Review Procedures, § 7.01)  Claimant timely filed her Notice of Appeal.

### B.    Lien Judge's Decision

The Lien Judge, after reviewing the documents and arguments submitted by the parties, issued his ruling on February 28, 2008.  The Lien Judge found that Claimant initially hired the law firm of Schneider, Keinick, Weitz, Darnashek & Shoot on August 4, 1994 but that following the events of September 11, 2001, the firm referred the Claimant's case to Weitz & Luxenberg, who assumed representation of Claimant on January 5, 2002.  (Lien Judge's Decision, p. 1) Weitz & Luxenberg represented the Claimant until the Claimant dismissed the firm on November 14, 2006.  The Lien Judge found that from August 4, 1994 until November 14, 2006, either the Schneider law firm or Weitz & Luxenberg collected medical documentation from the Claimant's physicians and filed the appropriate claim form and medical records with the SF-DCT.  (*Id.*)

The Lien Judge further found that Weitz & Luxenberg successfully obtained approval of the Claimant's Rupture Claim.  (*Id.*)  The Lien Judge noted that the records revealed that between February 2002 and December 2006 over 150 telephone calls were made between the firm and the Claimant, and another 25 telephone calls to physicians on behalf of the Claimant. (*Id.*)  The Lien Judge concluded that by the time the Claimant discharged Weitz & Luxenberg in November 2006, virtually all, if not all, of the work had been done.  (*Id.*, p. 2)  But for the work performed by Weitz & Luxenberg regarding the proof of manufacturer issue, which was eventually accepted by the SF-DCT, the Lien Judge found that the Claimant would not have been entitled to any payments from the SF-DCT.  (*Id.*)  The Lien Judge noted that as the successor firm to the Schneider firm, Weitz & Luxenberg is entitled to reimbursement for expenses paid on behalf of the Claimant.  (*Id.*)

3

Claimant argues that Weitz & Luxenberg did not want her to file an Option II claim. Claimant states that it was her efforts which led her to be approved for an Option II payment. Claimant believes that Weitz & Luxenberg should receive a lower percentage than the firm had requested because the Claimant was the one that filed her own claim for Option II, which was the only successful claim. Claimant argues were all the claims filed by Weitz & Luxenberg were unsuccessful. (Appeal Letter)

In response, Weitz & Luxenberg claims that the Claimant's accusations are baseless. Weitz & Luxenberg states that the firm had filed various documents to support an Option II claim on behalf of the Claimant. The questionnaire which was submitted to the Claimant from Weitz & Luxenberg was sent for the purpose of documenting the Claimant's limitations of her functional capacity. Weitz & Luxenberg notes that the reason why this questionnaire was sent to the Claimant was to document her functional capacity, despite of the type of disease the Claimant may have. It is Weitz & Luxenberg's policy to obtain the questionnaire from all of its clients regardless of their disease diagnosis. Weitz & Luxenberg claims that it is familiar with the rigorous standard that claims for Option II diseases must meet in order to be eligible for compensation. It is because of this familiarity that Weitz & Luxenberg cautions its clients regarding the amount of detailed medical documentation required by the SF-DCT for the approval of Option II claims. Weitz & Luxenberg knew that if the Claimant failed to meet the stringent criteria for Option II, the Claimant would then automatically receive a review at the Option I level, which would then require functional capacity documentation.

Weitz & Luxenberg argues that it was perhaps its frank approach to its submissions of Claimant's claims that created the impression that the firm was discouraging the Claimant from pursuing an Option II claim. However, Weitz & Luxenberg notes that the Lien Judge's review

4

shows that the firm was working on submitting more than an Option I claim based on the documentation submitted to the SF-DCT on the Claimant's behalf.  Weitz & Luxenberg sought to obtain documentation to resolve any deficiencies of its submissions to the SF-DCT.  Weitz & Luxenberg argues that the Claimant fails to grasp the concept that every claim in this litigation is built upon the facts established by the claims that preceded it.  An example of the cumulative benefit to the Claimant, as the Lien Judge noted, was the successful resolution of the Claimant's Proof of Manufacturer claim.  Another example noted by Weitz & Luxenberg is the successful resolution of the Rupture Claim.  Before Weitz & Luxenberg was discharged, the firm had submitted many of the records, the same records which were submitted by the firm to Dr. Steven Meed, Claimant's doctor, which Weitz & Luxenberg argues assisted his evaluation of the Claimant's Option II disease.  Weitz & Luxenberg and Dr. Meed corresponded regarding the Claimant's evaluation.

Weitz & Luxenberg claims that it is entitled to more than the amount of its requested lien based upon documents submitted by the Claimant which the firm was not aware of since it had been discharged prior to the Claimant's settlement with the SF-DCT.  Weitz & Luxenberg's initial attorney fee request in the amount of $29,877.47 was based on the settlement funds for the Option II disease, General Connective Tissue Symptoms ("GCTS"), in the amount of $110,000.00.  The Claimant's documents suggest that she received settlement for Systemic Lupus Erethematous ("SLE"), level C, an Option II disease which provides a $150,000.00 gross settlement.  Weitz & Luxenberg claims that it is instead entitled to $41,877.49 in attorney fees, a difference of an additional $12,000.02.

The Lien Review Procedures apply to disputes between claimants who have been determined to be eligible and have been paid by the SF-DCT and persons or entities who assert

the right to receive a portion of the payments to the claimants from the SF-DCT. (Lien Review Procedures, § 1.01) Section 6.05 of the Lien Review Procedures provides that all expenses incurred sought to be recovered must be reasonable in relation to the work performed and the result obtained. (Lien Review Procedures, § 6.05) Allowable expenses incurred by an attorney who is an Alleged Lienholder are set forth in the Claimant Information Guide for Class 5 Breast Implant Claims and the Agreed Order Adopting Q&A's Regarding Article IX of Annex A, The Claims Resolution Procedures, July 22, 2004. (Lien Review Procedures, § 6.05)

Upon a *de novo* review of the Lien Judge's decision and the documents submitted by the parties, the Court agrees with the Lien Judge that Weitz & Luxenberg is entitled to the attorney fees requested and noted in its Proof of Lien in the amount of $32,785.88. The Lien Judge did not err in finding that Weitz & Luxenberg performed successful work on behalf of the Claimant and that virtually all of the work had been done on behalf of the Claimant at the time the Claimant had discharged the firm. The documentation submitted by both parties support the Lien Judge's finding that Weitz & Luxenberg performed services on behalf of Claimant before the SF-DCT.

As to the additional $12,000.02 noted by Weitz & Luxenberg in its brief, this amount is not properly before the Court since the Lien Judge did not review this amount. Weitz & Luxenberg may submit the appropriate paperwork before the SF-DCT in accordance with the Plan and the Lien Review Procedures, if the procedures so provide.

C.    **Motion to Seal All Documents**

Claimant seeks to have all the documents in this matter sealed because the documents contain confidential information. Claimant did not submit a request to seal the matter when the Claimant initially filed the appeal.

6

The Rules of Civil Procedures provide privacy protection for filings before the Court. Fed. R. Civ. P. 5.2. "A person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal." Fed. R. Civ. P. 5.2(h). The Local Rules provide for procedures regarding sealed matters. E.D. Mich. L.R. 5.3. The parties are responsible for submitting redacted documents, not the Court. Rule 20, Electronic Filings and Procedures; Administrative Order 07-030.

The Claimant filed the appeal initially without redacting personal information. Claimant has waived any protection from the personal information she filed in her case. Claimant had the opportunity to file redacted documents but failed to do so. Claimant's motion to seal the documents filed in this matter is denied.

## III.   CONCLUSION

For the reasons set forth above, the Court finds that Weitz & Luxenberg is entitled to be paid for the attorney fees and expenses in the amount of $32,785.88, which lien must be honored by the SF-DCT.

Accordingly,

IT IS ORDERED that Lien Appeal, Case No. 08-11221, is DENIED and DISMISSED. The Lien Judge's Decision is AFFIRMED.

IT IS FURTHER ORDERED that the Request and Motion to Seal All Documents **(Doc. No. 4, filed 4/14/2008 and Doc. 5, filed 5/2/2008)** are DENIED.


                                            */s/ Denise Page Hood*
                                            DENISE PAGE HOOD
                                            United States District Judge

DATED:  March 30, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on this date, March 30, 2009, by electronic means and/or first class U.S. mail.

S/Sakne Srour
Deputy Clerk